IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 14, 2017 Session

## ROBERT HARVEY SANTEE v. STACY LYNN SANTEE

**Appeal from the Chancery Court for Sevier County**
**No. 13-9-285 Telford E. Forgety, Jr., Chancellor**

_____

**No. E2016-02535-COA-R3-CV**
_____

CHARLES D. SUSANO, JR., Judge, concurring in part and dissenting in part.

I concur completely in the majority's decisions pertaining to (1) the allocation of the parties' debt; (2) the imputation of income to wife for the purpose of calculating child support; and (3) wife's request for her attorney's fees as alimony in solido. In my judgment, there is no error regarding any of these matters. I dissent, however, from the majority's decision to award wife "rehabilitative" alimony rather than alimony in futuro. I do so because, I believe, the evidence clearly and overwhelmingly preponderates against the trial court's "rehabilitative" decision.

The trial court "observe[d] that there is no question here but that wife is economically disadvantaged within the meaning of [Tenn. Code Ann. § 36-5-121(c)(2) and (e)(1)]." Husband earns approximately $500,000 annually from his profession as a radiologist. Wife, on the other hand, was a stay-at-home wife and mother during the 26 years of the parties' marriage. Her one business undertaking resulted in a loss of some $10,000. Enough said.

Where do we go from here? A finding of economic disadvantage is only the first step in the "alimony" analysis. The majority points out that wife intends to get a two-year diploma leading to an occupation as a medical assistant. The majority opines as follows:

> While the rehabilitative alimony awarded by the Trial Court
> will not transform wife entirely from being economically
> disadvantaged, it will enable her to *increase her capacity for
> self-sufficiency*.

(Emphasis added.) The majority misconstrues the concept of "rehabilitation." It is a concept with a clear statutory definition. The issue is not whether wife can "increase her capacity for self-sufficiency" or be in a position to fund a good or reasonable standard of

1

living.  The real issue is whether wife can be "rehabilitated" *as that concept is defined in Tenn. Code Ann. § 36-5-121, not just once but twice.*  The pertinent subsections are as follows:

### Subsection (c)(2)

> The general assembly finds that the contributions to the marriage as homemaker or parent are of equal dignity and importance as economic contributions to the marriage. Further, where one (1) spouse suffers economic detriment for the benefit of the marriage, the general assembly finds that the economically disadvantaged spouse's standard of living after the divorce should be reasonably comparable to the standard of living enjoyed during the marriage or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

### Subsection (e)(1)

> Rehabilitative alimony is a separate class of spousal support, as distinguished from alimony in solido, alimony in futuro, and transitional alimony. To be rehabilitated means to achieve, with reasonable effort, an earning capacity that will permit the economically disadvantaged spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

In this case, we are comparing (1) a standard of living funded by an income of half a million dollars with (2) that of one attainable by a high school graduate with essentially no work history for some 26 years.  We need to look no further than husband's own statement.  According to him, wife "has no real ability to earn an income anywhere close to the lifestyle" enjoyed by the parties in their marriage.

The fact that wife wants to get a two-year degree so she can be a medical assistant misses the point.  Wife going forward can *never* enjoy a standard of living even remotely close to that which she enjoyed in the marriage or the standard of living that husband will enjoy as a result of his $500,000 annual income.

The majority talks about the fact that husband was planning to retire in 2017. It says that his retirement would "naturally . . . affect his ability to pay." If and when husband does retire, his situation will be analyzed under the principles set forth in ***Bogan v. Bogan***, 60 S.W.3d 721 (Tenn. 2001). Until husband retires, any decision regarding the impact of such an event on his ability to pay in futuro spousal support is purely speculative and premature.

In its memorandum opinion delivered from the bench, which is incorporated in the final judgment by reference, the trial court discussed the issue of wife's fault in the demise of the marriage:

> The relative fault of the parties, in cases where the Court, in its discretion, deems it appropriate to consider. It is appropriate here to consider fault, and fault has already been allocated [in the court's discussion of grounds], as the Court said, to the wife. But it is appropriate in this case.
>
> \*    \*    \*
>
> Case law also tells us that, while fault is a factor or may be a factor in alimony decisions, that, nevertheless, the alimony decision must not be punitive in nature. Quite frankly, I've never been able just exactly 100 percent to reconcile those two things, because it seems to me that, look, if it is a case where alimony is otherwise appropriate and the Court decides no, I'm not going to give any alimony, that's punitive, isn't it? Seems to me.
>
> If it is a case where a certain amount of alimony is otherwise indicated but the Court awards less than it otherwise would have because of fault, that's punitive, isn't it?
>
> So I've never been able to 100 percent reconcile those principles of law in my mind. I think probably where it winds up is that, look, you may take into account fault, but you may not take – there is a certain point after which the application of fault to the decision becomes punitive, and then it is not sustainable. So I think that's the best I can do at reconciling those principles of law.

In the final judgment, the court found as follows:

That the Court finds that the Wife is in need of and that Husband has the ability to pay, rehabilitative alimony based on the statutory factors as more particularly set forth in the aforementioned Opinion of the Court.

It used similar language in the ordering part of the final judgment:

That the Wife has a need for and the Husband had the ability to pay rehabilitative alimony in the amount of $3,500.00 per month for a period of sixty (60) months. Said payments shall be made directly to the Wife commencing on September 1, 2016 and continuing on the 1st day of each and every calendar month thereafter until paid in full.

It is apparent that the trial court was troubled by the interplay between (a) cases discussing "punitive" alimony, *see e.g.*, ***Duncan v. Duncan***, 686 S.W.2d 568, 571 (Tenn. Ct. App. 1984), and (b) the language of Tenn. Code Ann. § 36-5-121(i)(11) ("The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so"). It is interesting to note that subsection (i)(11) is the only subsection of (i) that makes specific reference to the trial court's *discretion* as to whether it is "appropriate" to consider the relative fault of the parties in the alimony analysis.

The issue here, however, is not whether the trial court was correct in its observation of confusion in reconciling the statute with the "punitive" alimony cases. The issue in this case is whether the trial court *did*, in fact, consider the relative fault of the parties as a factor to be considered in the court's discretion on the issue of alimony. I believe that it did not. In making this statement, I am relying on a number of things. First, the trial court did not expressly state that it was considering wife's fault in setting alimony. Second, the final judgment of the court makes no mention of relative fault of the parties. Finally, the court discussed the alimony decision without reference to wife's fault but did discuss it when the court was discussing grounds.

The trial court obviously was unable to decide whether to "punish" wife for her conduct or to ignore that conduct in setting alimony. I believe that the only conclusion one can reach is that the trial court opted to ignore that conduct in the alimony analysis. If this is not the case, where is the evidence reflecting that the court found a certain alimony award but then lessened it because of wife's fault?

Considering all of the above, it seems clear to me that the trial court did not intend in the alimony analysis to penalize wife for her affair.

I would reverse the trial court's decision awarding "rehabilitative" alimony and remand to the trial court for the entry of a judgment awarding wife alimony in futuro of

4

$3,500 per month, said award to terminate on the death of either party or wife's remarriage.

_____
CHARLES D. SUSANO, JR., JUDGE